UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHIGAN STATE ALF-CIO, CHANGE
TO WIN, MICHIGAN EDUCATION
ASSOCIATION, and SEIU LOCAL 517 M,

                Plaintiffs,

                                         Case Number 06-11082-BC
v.                                       Honorable David M. Lawson

TERRI LYNN LAND, Michigan Secretary of
State; and MIKE COX, Michigan Attorney
General,

                Defendants.
_____/

### ORDER DENYING TEMPORARY RESTRAINING ORDER

      The plaintiffs in this case, the Michigan State AFL-CIO, Change to Win, Michigan Education Association, and SEIU Local 517, have filed a complaint seeking a temporary restraining order and preliminary and permanent injunctions against the defendants, Michigan's secretary of state and attorney general. The plaintiffs seek injunctive relief to prevent the defendants from enforcing their view, expressed in an interpretive statement issued by the secretary of state and an opinion written by the attorney general, that under Michigan's Campaign Finance Act public employers may not deduct at the employee's election contributions to labor organizations' political action committees from the employee's paycheck. The plaintiffs allege that such a prohibition would violate Article I, Section 10 of the Constitution. The Court has reviewed the plaintiffs' complaint and finds that the plaintiffs have not made a showing required to obtain *ex parte* relief, although the plaintiffs may seek a preliminary injunction through appropriate motion practice.

      Federal Rule of Civil Procedure 65(b) states in part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the Court in writing the efforts, if any, which have been made to give the notice and the reason supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

"Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). In this case, none of the pleadings contain facts or reasons "supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Nor are there sufficient factual allegations establishing that irreparable harm may result "before the adverse party or that party's attorney can be heard in opposition." *Ibid.*

There are no allegations, for example, that the defendants plan to disseminate or enforce their view of the Act in the immediate future. Public employers do not appear to have been threatened with a change of payroll practices. A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). The plaintiffs may well be entitled to equitable relief. On the present record, however, the Court finds that the drastic remedy of granting a temporary restraining order without reasonable notice is not justified. The plaintiffs, however, may seek relief by filing a motion for preliminary injunction after

appropriate notice to the defendant. *See* Fed. R. Civ. P. 65(a).

Accordingly, it is **ORDERED** that the plaintiffs' request for a temporary restraining order is **DENIED**. The plaintiffs may seek relief by filing a motion for preliminary injunction.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 24, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS